Robert P. Spretnak, Esq. (Bar No. 5135)
Bob@Spretnak.com
LAW OFFICES OF ROBERT P. SPRETNAK
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone (702) 454-4900
Facsimile  (702) 938-1055

John P. Fuller, Esquire, *pro hac vice pending*
jpf@fullerfuller.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MEGGS, Individually, <br><br> Plaintiff, <br><br> vs. <br><br> VALLEY VIEW INVESTMENTS, LLC, a Nevada Limited Liability Company, <br><br> Defendant. | Case No.: 2:17-cv-1378 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND RELATED STATE LAW CLAIMS**

Plaintiff, JOHN MEGGS, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, VALLEY VIEW INVESTMENTS, LLC, a Nevada Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the Nevada Revised Statutes 651.070 et. seq. ("Nevada ADA" or "NADA"), and allege the following:

//

//

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181,** *et seq.*

1. Plaintiff, JOHN MEGGS, is an individual residing at 1128 Maynard Drive, Duarte, CA 91010, in the County of Los Angeles.

2. Defendant's property, Valley View Center, is located at 3711 S. Valley View Blvd., Las Vegas, NV 89103, in the County of Clark.

3. Venue is properly located in the District of Nevada because venue lies in the judicial district of the property situs. The Defendant's property are located in and do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

5. Plaintiff JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a paraplegic. Mr. Meggs relies on a wheelchair for mobility. Mr. Megg regularly visits Las Vegas to visit his two daughters, who reside in Las Vegas, and to enjoy the entertainment and to gamble. JOHN MEGGS has visited the subject shopping center which forms the basis of this lawsuit on numerous occasions and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property. The tenants at the shopping center that Mr. Meggs patronized include Green Valley Grocery, Little Italy Pizza, and the D Smoke Shop. Plaintiff John Meggs has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

6. Defendant owns, leases, leases to, or operates places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Valley

View Center, and is located at 3711 S. Valley View Blvd., Las Vegas, NV 89103.

7. JOHN MEGGS has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. JOHN MEGGS desires to visit Valley View Center not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated individuals will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Valley View Center has shown that violations exist. These violations that JOHN MEGGS personally encountered at the shopping center include, but are not limited to:

**Parking and Accessible Routes**

A. Slopes and changes of level in the accessible parking spaces and unloading areas at the property violate ADAAG Section 4.6 and Section 502 of the 2010 ADA Standards. Conditions prevent Mr. Meggs' safely parking and unloading from his vehicle to access stores at the center.

B. Routes from the street, sidewalk, public transportation and parking areas violate ADAAG Sections 4.3, 4.5, 4.7 and 4.8 as well as Sections 303, 304, 305, 402, 403, 404, 405 and 406 of the 2010 ADA Accessibility Standards. The conditions impede access to store entrances and create hazards to Mr. Meggs as a wheelchair user.

C. Walkways and ramps provided to access the facility lack required hand rails and edge protection. Ramps and walks have slopes, cross-slopes and/or side-slopes exceeding limits prescribed in Section 4.8 of the ADAAG and Sections 402 and 405 of the 2010 ADAAS. These conditions impede access by Mr. Meggs and are hazardous to disabled patrons.

D.  There are no unloading areas or accessible parking spaces serving the entrance of Green Valley Grocery and there are stairs and changes of level in the at the property with no ramp provided in the area, violating ADAAG Sections 4.3 and 4.6, as well as 2010 ADAAS Sections 302 and 502. These conditions prevent the safe parking and unloading of Mr. Meggs from his vehicle to access the Green Valley Grocery store.

E.  Stairs and un-ramped level changes are the only access to Green Valley Grocery violating Sections 4.3, 4.7 and 4.8 of the ADAAG and Sections 402, 403 and 405 of the 2010 ADAAS, impeding Mr. Meggs and creating hazards to him as a disabled patron of Green Valley Grocery.

**Access to Goods and Services**

F.  The tables and counter in Little Italy Pizza are inaccessible to wheelchair users. Counters and elements in the Smoke Shop and stores throughout the plaza too high for disabled patrons, in violation of Sections 4.2.4, 4.3, 4.32 and 5 of the ADAAG, as well as Sections 305, 802 and 902 of the 2010 ADAAS preventing their use by Mr. Meggs as a wheelchair user.

**Access to Restroom Areas in Little Italy Pizza**

G.  The restroom lavatory at Little Italy Pizza lacks required pipe insulation, violating Section 4.19 of the ADAAG and 2010 ADAAS Section 606 creating a hazard to Mr. Meggs and others.

H.  The water closet and grab bars in Little Italy Pizza and other restrooms at the center violate ADAAG Section 4.16 and Section 604 of the 2010 ADAAS preventing safe transfer and use by Mr. Meggs and other disabled patrons.

I.  The flush control is not located on the wide side of the toilet, violating Section 604 of the 2010 ADAAS.

J.  Mirrors and dispensers in Little Italy Pizza and other restrooms at the center are inaccessible to Mr. Meggs and beyond limits for disabled patrons violating the ADAAG and 2010 ADAAS.

K.  The men's restroom at Little Italy Pizza lacks adequate maneuvering space for Mr. Meggs and other disabled patrons to exit in violation of ADAAG Section 4.13 and ADAAS Section 404.

L.  Restroom identification signage door hardware does not meet the ADAAG and 2010 ADAAS.

**Access to Restroom Areas in Green Valley Grocery**

M.  Green Valley Grocery's restroom lavatory pipes are not insulated, creating a hazard for Mr. Meggs as a disabled person violating ADAAG Section 4.19 and 2010 ADAAS Section 606.

N.  The water closet in the Green Valley Grocery restroom violates ADAAG Section 4.16 and Section 604 of the 2010 ADAAS preventing safe use by Mr. Meggs as a wheelchair user.

O.  Dispensers in the restroom are beyond the required ranges and inaccessible to Mr.

Meggs in a wheelchair violating the ADAAG and 2010 ADAAS.

10. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Valley View Center to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with

        Disabilities Act, 42 U.S.C. § 12181 et seq.

    b.   Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.   An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.   Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II**
**VIOLATION OF THE NEVADA LAW**
**AGAINST DISCRIMINATION - Nevada ADA**
**(violation of Nevada Revised Statutes 651.070 et seq.**

17. The individual Plaintiff repeats the foregoing allegations as if they were expressly stated herein.

18. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. § 1367.

19. Defendant withheld, denied, deprived and/or attempted to withhold, deny or deprive the Plaintiff the rights and privileges secured to them by NRS 651.070, et seq.

20. Pursuant to NRS 651.070, the Plaintiff was and is entitled to the full and equal enjoyment of the facilities and accommodations of any place of public accommodation, including the premises, goods and services of the Defendant, without discrimination or segregation based on his disability.

21. Defendant's actions were in violation of a legal duty owed to the individual Plaintiff.

22. Defendant is and was required to comply with the dictates of the Federal and state laws which forbid discriminatory policies, practices and facilities, including but not limited to architectural barriers.

1  23.  The individual Plaintiff suffered injury to his dignity, mental anguish and humiliation, and
2       other injuries, which were proximately caused by the Defendant's acts and failures to act.
3       **WHEREFORE**, Plaintiff respectfully requests:
4       a.  The Court issue a Declaratory Judgment that determines that the Defendant, at the
5           commencement of the subject lawsuit, is in violation of Nevada Revised Statutes
6           651.070, et seq.
7       b.  Injunctive relief against the Defendant including an order to make all readily achievable
8           alterations to the facility; or to make such facility readily accessible to and usable by
9           individuals with disabilities to the extent required by the ADA; and to require the
10          Defendant to make reasonable modifications in policies, practices or procedures, when
11          such modifications are necessary to afford all offered goods, services, facilities,
12          privileges, advantages or accommodations to individuals with disabilities; and by failing
13          to take such steps that may be necessary to ensure that no individual with a disability is
14          excluded, denied services, segregated or otherwise treated differently than other
15          individuals because of the absence of auxiliary aids and services.
16      c.  Award compensatory damages to Plaintiff JOHN MEGGS.
17      d.  An award of attorneys' fees, costs and litigation expenses.
18  ////
19  ////
20  ////
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

  e. The Court award such other and further relief as it deems necessary.

                Respectfully Submitted,

                Robert P. Spretnak, Esquire (NV Bar No. 5135)
                Bob@Spretnak.com
                LAW OFFICES OF ROBERT P. SPRETNAK
                8275 S. Eastern Avenue, Suite 200
                Las Vegas, Nevada 89123-2545
                Telephone (702) 454-4900
                Facsimile  (702) 938-1055

                John P. Fuller, Esquire, *pro hac vice pending*
                jpf@fullerfuller.com
                FULLER, FULLER & ASSOCIATES, P.A.
                12000 Biscayne Boulevard, Suite 502
                North Miami, Florida 33181
                Telephone (305) 891-5199
                Facsimile  (305) 893-9505

                By: /s/ Robert P. Spretnak
                  Robert P. Spretnak, Esquire
                  NV Bar No. 5135

                Date:  15 May 2017

                Attorneys for Plaintiff John Meggs